**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>P&B CAPITAL GROUP, LLC<br><br>Defendants. | Case No. 2:26-cv-5610 |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff Leon Weingrad ("Plaintiff") brings this action under the TCPA alleging that P&B Capital Group, LLC ("Defendant") called the Plaintiff with calls using pre-recorded voices. Those calls were made without the call recipient's prior express written consent.

3.      Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal calling conduct and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

5.      Plaintiff is an individual with a 267- area code number that is associated with this District.

6.      Defendant is a foreign limited liability corporation qualified under the laws of the Commonwealth of Pennsylvania, having its registered offices in Lancaster County.

### Jurisdiction & Venue

7.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.      This Court has general personal jurisdiction over Defendant because it resides in this District.

9.      Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

### The Telephone Consumer Protection Act

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.     The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded calls ("robocalls") to wireless numbers and residential lines.  Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

15.     Defendant sends pre-recorded message calls to cell phones as part of its debt collection business.

16.     Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(267) XXX-XXXX.

17.     Plaintiff has never been a customer of Defendant, not provided his phone number to Defendant, nor consented to contact from Defendant.

18.     Despite that, Defendant called Plaintiff's cellular telephone number multiple times in at least July 2026 intending to reach someone other than Plaintiff.

19.     As a result of the call, the Plaintiff received at least one a call with an artificial voice on at least July 27, 2026 from 267-378-9969.

20.     When Plaintiff answered, a pre-recorded voice played and transmitted a pre-recorded message identifying the caller as the Defendant and stating that it was looking for someone else other than Plaintiff. It then invited a call back "at 1-888-569-9635, or you can dial 9 on your keypad now to speak to a live representative immediately. Once again, you can dial 9 now to speak to a representative immediately."

21.     There was no live human on the call.

22.     The call was clearly pre-recorded, including because it would be illogical for a human to place a call, only to have it play a message directing the recipient to press 9 or speak to a human to speak to a live representative.

23.     However, the Plaintiff had no relationship with the Defendant.

24.     The aforementioned call, and all other calls, to the Plaintiff were unwanted.

25.     The calls were nonconsensual encounters.

4

26.    Plaintiff's privacy has been violated by the above-described calls.

27.    Plaintiff never provided his consent or requested the calls.

28.    Plaintiff and the other call recipients were harmed by the calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the call and their privacy was improperly invaded.

29.    Moreover, the call injured Plaintiff because it was frustrating, obnoxious, annoying, was a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Statement

30.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

31.    Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

32.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** Plaintiff and persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to Defendant's customer or accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

33.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

34.    Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

36.     This Class Action Complaint seeks injunctive relief and money damages.

37.     The Class as defined above, is identifiable through Defendant's phone records and phone number databases.

38.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

39.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

40.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

42.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a.     Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

b.     Whether Defendant's conduct constitutes a violation of the TCPA; and

c.     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

6

43.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

44.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

45.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or third parties, such as telephone companies.

46.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

47.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

48.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

49.    Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

50.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51.     The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

52.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B.     That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.     Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel

Dated: August 6, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and Proposed Class*

9