**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>P&B CAPITAL GROUP, LLC<br><br>Defendant. | Case No.: 5:26-cv-05610-JLS |

**DEFENDANT P&B CAPITAL GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, P&B Capital Group, LLC ("Defendant") by their attorneys respectfully submits to this Honorable Court this Answer to Plaintiff Leon Weingrad's Class Action Complaint.

## Preliminary Statement

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**ANSWER:** This paragraph makes no allegations to which a response is required.

2. Plaintiff Leon Weingrad ("Plaintiff") brings this action under the TCPA alleging that P&B Capital Group, LLC ("Defendant") called the Plaintiff with calls using pre-recorded voices. Those calls were made without the call recipient's prior express written consent.

**ANSWER:** The action speaks for itself; no response is required. To the extent that a response to this statement is required, Defendant denies they violated the TCPA and leaves the Plaintiff to his proofs at trial.

3. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal calls.

**ANSWER:** The action speaks for itself; no response is required. To the extent that a response to this statement is required, Defendant denies they violated the TCPA and leaves the Plaintiff to his proofs at trial.

4. A class action is the best means of obtaining redress for the Defendant's illegal calling conduct and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** Denied.

## Parties

5. Plaintiff is an individual with a 267- area code number that is associated with this District.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

6. Defendant is a foreign limited liability corporation qualified under the laws of the Commonwealth of Pennsylvania, having its registered offices in Lancaster County.

**ANSWER:** Admitted in part. Defendant admits that it is a foreign limited liability company qualified to conduct business in the Commonwealth of Pennsylvania. Defendant denies that it has its registered offices in Lancaster County.

**Jurisdiction & Venue**

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied.

8. This Court has general personal jurisdiction over Defendant because it resides in this District.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied.

**The Telephone Consumer Protection Act**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:** The TCPA is a statute which speaks for itself; no response is required and Defendant denies any interpretation or representation made which is inconsistent with the statute itself.

11. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** The TCPA is a statute which speaks for itself; no response is required and Defendant denies any interpretation or representation made which is inconsistent with the statute itself.

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

**ANSWER:** The TCPA is a statute which speaks for itself; no response is required and Defendant denies any interpretation or representation made which is inconsistent with the statute itself.

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**ANSWER:** Any findings by the FCC speak for themselves; no response is required and Defendant denies any interpretation or representation made which is inconsistent therewith.

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**ANSWER:** Any findings by the FCC speak for themselves; no response is required and Defendant denies any interpretation or representation made which is inconsistent therewith.

## Factual Allegations

15. Defendant sends pre-recorded message calls to cell phones as part of its debt collection business.

**ANSWER:** Admitted in part. Defendant admits that, where it has prior express consent to do so, it does incorporate the use of pre-recorded voice messages in its business operations. Defendant denies all allegations inconsistent with that which it admits. The remainder of the allegation is denied as a conclusion of law to which no response is required.

16. Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(267) XXX-XXXX.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

17. Plaintiff has never been a customer of Defendant, not provided his phone number

to Defendant, nor consented to contact from Defendant.

**ANSWER:** As Defendant's investigation is ongoing, Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

18. Despite that, Defendant called Plaintiff's cellular telephone number multiple times in at least July 2026 intending to reach someone other than Plaintiff.

**ANSWER:** As Defendant's investigation is ongoing, Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

19. As a result of the call, the Plaintiff received at least one a call with an artificial voice on at least July 27, 2026 from 267-378-9969.

**ANSWER:** As Defendant's investigation is ongoing, Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

20. When Plaintiff answered, a pre-recorded voice played and transmitted a pre-recorded message identifying the caller as the Defendant and stating that it was looking for someone else other than Plaintiff. It then invited a call back "at 1-888-569-9635, or you can dial 9 on your keypad now to speak to a live representative immediately. Once again, you can dial 9 now to speak to a representative immediately."

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

21. There was no live human on the call.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

22. The call was clearly pre-recorded, including because it would be illogical for a human to place a call, only to have it play a message directing the recipient to press 9 or speak to

a human to speak to a live representative.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

23. However, the Plaintiff had no relationship with the Defendant.

**ANSWER:** As Defendant's investigation is ongoing, Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

24. The aforementioned call, and all other calls, to the Plaintiff were unwanted.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

25. The calls were nonconsensual encounters.

**ANSWER:** As Defendant's investigation is ongoing, Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

26. Plaintiff's privacy has been violated by the above-described calls.

**ANSWER:** Denied.

27. Plaintiff never provided his consent or requested the calls.

**ANSWER:** As Defendant's investigation is ongoing, Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

28. Plaintiff and the other call recipients were harmed by the calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the call and their privacy was improperly invaded.

**ANSWER:** Denied.

29. Moreover, the call injured Plaintiff because it was frustrating, obnoxious, annoying, was a nuisance and disturbed the solitude of Plaintiff and the class.

**ANSWER:** Denied.

**Class Action Statement**

30. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:** Defendant re-alleges and incorporates the foregoing allegations as if fully set forth herein.

31. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**ANSWER:** Plaintiff's action and defined class speak for themselves; no response is required. To the extent a response is required, Defendant denies that any classes can be certified.

32. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** Plaintiff and persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to Defendant's customer or accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

**ANSWER:** Plaintiff's action and defined class speak for themselves; no response is required. To the extent a response is required, Defendant denies that any classes can be certified.

33. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied.

34. Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom

this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:** This paragraph makes no allegations that require any response. To the extent a response is required, Defendant denies that any classes can be certified.

35. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER:** Denied. Defendant denies that Plaintiff or anyone else has been harmed by the acts of Defendant and Defendant denies that any classes can be certified.

36. This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER:** Plaintiff's action and requested relief speak for themselves; no response is required. To the extent a response is required, Defendant denies that any classes can be certified or that Plaintiff and any class is entitled to any relief.

37. The Class as defined above, is identifiable through Defendant's phone records and phone number databases.

**ANSWER:** Denied.

38. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied. Defendant denies that any classes can be certified.

39. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied. Defendant denies that any classes can be certified.

40. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied. Defendant denies that any classes can be certified.

41. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied.

42. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

b. Whether Defendant's conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied.

43. Further, Plaintiff will fairly and adequately represent and protect the interests of

the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied.

44. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied. Defendant denies that any classes can be certified.

45. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or third parties, such as telephone companies.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied.

46. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied. Defendant denies that any classes can be certified.

47. Plaintiff is not aware of any litigation concerning this controversy already

commenced by others who meet the criteria for class membership described above.

**ANSWER:** Defendant is without sufficient knowledge to either admit or deny the allegations of this paragraph and therefore they are denied.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

48. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:** Defendant re-alleges and incorporates the foregoing allegations as if fully set forth herein.

49. Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied. To the extent that a response is required, Defendant denies that it violated the TCPA.

50. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied. To the extent that a response is required, Defendant denies that it violated the TCPA.

51. The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no

response is required, and they are therefore denied. To the extent that a response is required, Defendant denies that it violated the TCPA.

52. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required, and they are therefore denied. To the extent that a response is required, Defendant denies that it violated the TCPA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

**ANSWER:** The relief sought speaks for itself; no response is required.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

**ANSWER:** This paragraph requires no response.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred to the extent his number or putative class members' numbers are not residential.

### Third Affirmative Defense

Any actual damage to Plaintiff, which Defendant denies, is due to the acts or omissions of Plaintiff and/or others, and Defendant is not liable for said acts, omissions, or alleged damages.

### Fourth Affirmative Defense

Plaintiff's claims are, or may be, barred or diminished by the doctrines of assumption of the risk, acquiescence, fraud, conspiracy, failure to mitigate, res judicata, collateral estoppel, unclean hands and waiver.

### Fifth Affirmative Defense

Any claim for treble damages or penalties is barred because Defendant did not engage in knowing or willful misconduct.

### Sixth Affirmative Defense

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls at issue were sent with the recipients' prior express permission and/or

consent, and that consent was either irrevocable or was not effectively revoked.

**Seventh Affirmative Defense**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law.

**Eighth Affirmative Defense**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because they were not "charged for the call" as that term is used in the TCPA.

**Ninth Affirmative Defense**

To the extent that Plaintiff or the putative class agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive telephone calls and messages like those Plaintiff complains of, an agreement to arbitrate their claims on an individual basis, and their agreement to exclusive remedies and damages limitations.

**Tenth Affirmative Defense**

Plaintiff does not meet the class requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Plaintiff cannot meet the requirements of numerosity, commonality, typicality and adequate representation. Additionally, the putative class is not ascertainable by objective measures. Furthermore, individual issues predominate, including issues related to consent and determinations of whether telephone numbers were used for residential or business purposes.

**Eleventh Affirmative Defense**

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution by imposing content-based restrictions on speech

that fail to withstand the applicable scrutiny.

**Twelfth Affirmative Defense**

Any award of statutory damages sought by Plaintiff or the putative class, particularly on an aggregated class wide basis, would violate Defendant's rights under the Due Process Clause and the Excessive Fines Clause to the extent such award is grossly disproportionate to any proven misconduct or harm.

**WHEREFORE**, Defendant P&B Capital Group, LLC, respectfully requests this Honorable Court enter judgment in its favor, dismiss the Plaintiff's Complaint with prejudice, award it attorney's fees and costs and grant such other relief as this Court deems just and proper.

Respectfully Submitted,

**MAURICE WUTSCHER, LLP**

DATED : October 1, 2026

/s/ SHANNON MILLER
SHANNON MILLER
10 West Front Street
Media, PA 19063
(215) 789-7157
smiller@mauricewutscher.com
*Attorney for Defendant*
*P&B Capital Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on this date via the electronic filing system on all parties to the action.

/s/ *SHANNON MILLER*

SHANNON MILLER

Dated: October 1, 2026